UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| DARNELL CURTIS RILEY,           )<br>                                               )<br>               Plaintiff,           )<br>                                               )<br>     -vs-                                     )<br>                                               )<br>                                               )<br>P.E. SPIVEY, Director Kershaw County )<br>Detention Center,                  )<br>                                               )<br>               Defendants.          )<br>_____ ) | Civil Action No.: 4:14-cv-0287-TMC-TER<br><br><br><br>**REPORT AND RECOMMENDATION** |

**I.     INTRODUCTION**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, alleging that Defendant P.E. Spivey violated his constitutional rights by failing to provide him with or posting the rules of conduct and punishments for the Kershaw County Detention Center (KCDC) (where Plaintiff was housed at the time this action was filed), failing to provide a meaningful grievance procedure, prohibiting him from receiving any type of publication, and providing "exploitative and usurious" phone and food services.  He seeks no monetary damages, but asks the court "to order the jail to publish a rule book; allow books; revive [sic] it's grievance system and reduce phone rates and establish a law library." Complaint. Presently before the court are Plaintiff's Motion for Preliminary Injunction (Document # 34) and Defendant's Motion for Summary Judgment (Document # 44).  Because he is proceeding pro se, Plaintiff was warned pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to the motion for summary judgment could result in the motion being granted, resulting in dismissal of his claims.  Plaintiff filed a timely response.  All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d), DSC.  This Report and Recommendation is entered for review by the district judge.

## II.   MOTION FOR PRELIMINARY INJUNCTION

In his motion for preliminary injunction, Plaintiff asks the court to enjoin Defendant and "her agents" from depriving Plaintiff of his legal work and materials and to require them to provide him with law library access.  Plaintiff asserts that while detained at KCDC, Lt. Cato, who is not a defendant in this action, made arrangements to transfer Plaintiff to the Alvin S. Glenn Detention Center (ASGDC), where he is currently being held, with the promise that he would have access to a law library.  However, once he arrived at ASGDC, all of his legal materials were confiscated and he was not allowed to use the law library.[1]

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 129, 129 S.Ct. 365, 374, 172 L.Ed.2d 249 (2008) All four requirements must be met. Id.

Plaintiff fails to make the requisite showing. Injunctive relief, such as the issuance of a preliminary injunction, is an extraordinary remedy that may be awarded only upon a clear showing that the plaintiff is entitled to such relief. Mazurek v. Armstrong, 520 U.S. 968, 972, 117 S.Ct. 1865, 138 L.Ed.2d 162 (1997).  The relief Plaintiff seeks in his motion is different from the relief he seeks in this lawsuit and, thus, is not properly before the court.  Further, the only Defendant in this action is P.E. Spivey, Director of KCDC.  The actions about which Plaintiff complains occurred at the ASGDC by individuals other than Defendant, and there is no indication that Defendant has any control over the actions taken at ASGDC.  The court cannot enforce injunctive relief over

---

[1] Prior to his transfer, Plaintiff filed a motion requesting a court order transferring him to the ASGDC so that he would have access to a law library.  His motion was denied.  Order (Document # 13).

individuals who are not parties to the pending litigation. Finally, decisions relating to the day-to-day operation of prisons are entrusted to the officials of the particular institution or correctional system. See Olim v. Wakinekona, 461 U.S. 238, 103 S.Ct. 1741, 75 L.Ed. 813 (1983). For these reasons, Plaintiff fails to show a likelihood of success on the merits. In addition, he fails to show that granting the injunctive relief he seeks would be in the public interest. Therefore, it is recommended that Plaintiff's Motion for Preliminary Injunction (Document # 24) be denied.

**III.     MOTION FOR SUMMARY JUDGMENT**

Defendant seeks summary judgment on the claims raised by Plaintiff in his complaint. As stated above, Plaintiff alleges that Defendant P.E. Spivey violated his constitutional rights by failing to provide him with or posting the rules of conduct and punishments for the KCDC (where Plaintiff was housed at the time this action was filed), failing to provide a meaningful grievance procedure, prohibiting him from receiving any type of publication, and providing "exploitative and usurious" phone and food services. He seeks no monetary damages, but asks the court "to order the jail to publish a rule book; allow books; revive [sic] it's grievance system and reduce phone rates and establish a law library."[2] However, since the filing of his complaint, Plaintiff has been transferred from KCDC to another facility and, thus, is no longer subject to the allegedly objectionable conditions at KCDC. A change in an inmate's circumstances from those which generated the inmate's request for injunctive relief by the inmate's transfer, release or change in custodial status will render his claim for injunctive relief moot unless the circumstances are capable of repetition. Rendelman v. Rouse, 569 F.3d 182, 186 (4th Cir.2009) ("[A]s a general rule, a prisoner's transfer or release from a particular prison moots his claims for injunctive and declaratory relief with respect to his incarceration there."); Magee v. Waters, 810 F.2d 451, 452 (4th Cir.1987) ("Because the

---

[2] He reaffirms in his response to defendant's motion that he is not seeking monetary damages. Pl. Response p. 10.

prisoner has been transferred, his request for injunctive relief is moot."). "[F]ederal courts have no authority to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." Incumaa v. Ozmint, 507 F.3d 281, 286 (4th Cir.2007) (internal citations omitted). Because the only relief sought by Plaintiff in his complaint is now moot as a result of his transfer from KCDC, summary judgment is appropriate.

## IV.  CONCLUSION

For the reasons discussed above, it is recommended that Plaintiff's Motion for Preliminary Injunction (Document # 34) be denied, Defendant's Motion for Summary Judgment (Document # 44) be granted and this case dismissed in its entirety. If the district judge accepts this recommendation, all other pending motions will be moot.

       s/Thomas E. Rogers, III  
       Thomas E. Rogers, III  
       United States Magistrate Judge

January 9, 2015  
Florence, South Carolina

**The parties are directed to the important notice on the following page.**